## Jordan *v.* Cummings.

A married woman, entitled by law to sue in her own name, may declare without alluding to her husband.

If she has no separate cause of action, the defendant may plead her coverture in abatement, and she must reply the facts which entitle her to sue alone. If her declaration shows that she has a husband living here, and a cause of action in the husband alone, or in the husband and wife at common law, a demurrer will lie, unless the declaration sets out also the facts which entitle her to sue alone.

The right to sue alone is not confined to the cases where the wife is by statute entitled to hold her property separately, but extends to cases where the husband has declined to reduce her estate to his possession.

In replevin, if some issues are found for the plaintiff, and others for the defendant, each may tax his costs on the issues found in his favor.

If a set-off is asked, execution will be issued only for the balance.

Replevin for a pair of two years old steers, alleged to be the property of the plaintiff, Fanny D. Jordan, and wrongfully taken and detained by the defendant, Archelaus Cummings — commenced January 21, 1859.

There was a plea and brief statement, setting forth that the defendant, as a deputy sheriff, attached said steers on a writ in favor of J. Cook against Lyman Jordan, the husband of the plaintiff, as his property, and alleging that said steers were not the property of the plaintiff.

The other facts alleged in the plea being proved, it appeared that the plaintiff was a married woman living with her husband. She claimed to own the real estate upon which they lived, in her own right, showing that she paid for it, through the assistance of her children, over twenty-one years of age, or after their time had been given them by their father. Upon this point there was a conflict of testimony, tending to show that the earnings or labor of the husband and of his minor children, to some extent, were applied in payment for the real estate. The husband was shown to have been an intemperate man for many years; but some part of the fruits of his labor, when sober, was devoted to the support of his family. For the last few years the real estate was not carried on by the husband, except for the year 1856-7, when he carried it on at the halves, though without any contract in writing.

As to the steers in question, it was shown that, as to one of them, the plaintiff purchased it when about six months old, borrowing the money of her son-in-law Hicks, for which she gave her own note, which was paid to Hicks by one of her sons, who was over twenty-one years of age.

The other steer was purchased of one Noyes. The bargain was made by the husband; but it was contended the plaintiff paid for it from her own funds. Both steers were kept on the place, the plaintiff contending that they were kept on her hay, as her husband sold his half off the place when he carried it on.

The defendant objected that the evidence would not support the declaration; that the plaintiff should have declared as a married woman, holding the property in question to her sole and separate use, free from the control and interference of her husband; and

moved for a nonsuit, or that a verdict be ordered for the defendant. The court declined to do this, and the defendant excepted.

The defendant requested the court to instruct the jury that they must find that the plaintiff held the property in question by a conveyance or bequest to her, to be held to her sole and separate use, free from the interference or control of her husband; that if she held the property by a title that did not give her the right to so hold as against her husband, she could not maintain the action in her own name alone; that if she bought the property, or if it was given to her, and nothing was provided how she should hold it, it would be subject to the control of her husband if he should so elect; and the plaintiff could not sue alone for it, but might join with her husband.

The court declined to charge the jury as requested, but did instruct them that the plaintiff could maintain her action for personal property belonging to her at the time of her marriage, or accruing to her in her own right subsequently, by descent, legacy, or gift, whether it consisted of specific property, chattels, money, or choses in action, if acquired independent of the aid of her husband, and her husband had not reduced it to his possession; to which the defendant excepted.

The court further instructed the jury that if, upon the whole evidence, they found for the plaintiff for either or both of the steers, they would assess damages for the caption and detention of the property. If they found for the defendant, they would assess damages equal to the value of the property when taken.

The jury returned a verdict for the plaintiff as to one steer, and assessed damages for the taking, and for the defendant for the other steer, and assessed its value as damages.

*Baker*, and *Burns & Fletcher*, for the plaintiff.

*Ramsay*, *Heywood*, and *Woods & Binghams*, for the defendant.

BELL, C. J.  For the defendant it is insisted that a married woman who is in a given case entitled to sue in her own name, must declare as a married woman, alleging in her declaration the right she has to maintain the action without joining her husband as plaintiff.

There is now a large class of cases, where by statute a married woman may maintain actions in her own name; as,

(1) Where the husband has deserted his wife, and remained absent for the space of three months, without making provision for her support and maintenance.

(2) When any cause is in existence which is, or which, if it continues to exist for a longer period, will be cause of divorce, and the wife is the injured party.

(3) If any woman, being the wife of an alien, or of a citizen of another State, shall have resided in this State for the term of six months successively, separate from her husband. Rev. Stat., ch. 149, secs. 1–4.

(4) Where it is agreed before marriage that the wife shall hold any or all her estate to her sole and separate use, free from the control, &c., of her husband.

(5) Where property is granted to a married woman to hold to her own use, &c., as above. Stat. 1846, ch. 326, secs. 1, 2.

In the first three cases the provision of the law is, that such married woman may always sue or be sued in her own name, as if she were sole and unmarried. Rev. Stat., ch. 149, sec. 3. In the two last, such married women may sue and be sued, as if they were unmarried, upon any contract made with them, or any wrong done to them, in respect to such property. Stat. 1846, ch. 326, sec. 4. Under this section it has been well held, as we think, in the cases of *Bailey* v. *Pearson*, 29 N. H. 77, *Albin* v. *Lord*, 30 N. H. 202, and in cases elsewhere, there cited, that this provision applies only to the cases especially provided for in the two preceding sections, to contracts made with, or wrongs done to such married women in respect to the property by them held to their separate use, free from the control or interference of their husbands.

The limited policy of these statutes is carried out to the fullest extent by the statute of July 4, 1860 (Laws 2248), by which it is provided that every married woman shall hold to her own use, free from the interference or control of her husband, all property inherited by, bequeathed, given, or conveyed to her, provided such conveyance, gift, or bequest, is not occasioned by any payment or pledge of the property of the husband; and any married woman, holding property to her sole and separate use, free from the interference or control of her husband, may sue and be sued in her own name, as though sole, in all matters pertaining to said property, and upon all debts contracted by her before her marriage.

The present action was commenced before the last statute took effect on the first of August, 1860, and is not affected by it.

In all these cases, married women may sue as if they were unmarried. They are consequently not bound to state their causes of action differently from unmarried women. Upon general principles, then, the party who is sued by a married woman as a *feme sole*, in a case where she has no such right, must take advantage of the defect, that is, of her neglect to join her husband as plaintiff, in the mode prescribed by the law; and that we understand to be well settled. It must be done by plea in abatement. Stor. Pl. 84; 1 Chitt. Pl. 437; Gould Pl. 247; Com. Dig., Pleader, 2 A, 1; Abatement, E, 6; F, 2, 7; Co. Litt. 132, *b*; *Milner* v. *Milnes*, 3 D. & E. 631.

And for this there was good reason, even at common law, for the wife had a right to sue as a *feme sole*, where her husband was in exile, or had abjured the realm, or was an alien enemy, and out of the realm. Com. Dig., Abatement, F, 2.

If, then, a party is sued by a married woman as if sole, he must plead in abatement her coverture, otherwise he will be held to have admitted her right to sue alone, and to have waived any exception on that account, and no question can be afterward made on that point.

But the plaintiff is nevertheless bound to set forth on the face of her declaration a good cause of action in herself; and if, by any

inadvertence, she should show only a good cause of action in her husband or some other person, there can be no doubt that the defendant may demur, and will be entitled to judgment; and cases may be supposed where, if the declaration showed a cause of action in husband and wife jointly, and that the husband was living and within the jurisdiction, a demurrer would lie.

As no plea in abatement was filed in this case, no exception can be taken to the regularity of the proceedings, and the first exception must be overruled. Upon the face of the proceedings a good cause of action was shown in the plaintiff, and no allegation appeared to the contrary, except as to her right of property. The only question which could arise upon the trial was, whether the evidence introduced by the plaintiff supported her claim. If the proof showed the property to be hers, it was no cause of nonsuit, nor for ordering a verdict for the defendant, that the declaration ought to have been different. Defects in a declaration, where they appear upon its face, must be taken advantage of by demurrer, or, in some cases, by motion in arrest of judgment, but not by motion for a nonsuit or verdict.

The second exception was, that the court declined to instruct the jury that the plaintiff must show that she held the property in question by a conveyance, or bequest to be held to her sole and separate use, free from the interference or control of her husband; that if she held the property by a title which did not give her the right so to hold it against her husband, she could not maintain the action in her own name alone. But the defendant, as has been said, by omitting to plead in abatement, has admitted the plaintiff's ability to sue alone, and her right to maintain this action without her husband, if she can prove that the property replevied belongs to her, as she alleges; and it is now settled here by a series of decisions, sustained by the general course of legislation in the State, that the ancient rules of the common law respecting the relative rights of husband and wife as to her property, had been much modified prior to 1860, when, as we have seen, the right of the husband to his wife's property, whether absolute or marital, was substantially abolished.

" By the policy of the old law," says Sawyer, J., in *Hall* v. *Young*, 37 N. H. 145, " personal chattels in possession, which belonged to the wife at the time of the marriage, or which fell to her afterward, became instantly the absolute property of the husband, while her choses in action became his, only by his asserting title to them, and reducing them to possession. In this State, the right of the husband is regarded as a marital right, to be enforced by him, or waived at his pleasure. If waived, the property, whether it consists of personal chattels, money, or choses in action, remains the property of the wife." There was here no evidence of any claim of the husband, or any attempt to reduce any of the property held by the wife to his possession. Her title to it was consequently perfect, and we are unable to perceive any reason why her right should not be a good foundation for a recovery, where her right to bring the action alone is not regularly brought in question.

We have examined the charge given to the jury instead of that

requested by the defendant, and it includes no case which is not sustained by the decision last cited.

As to the steer purchased with the money hired of Hicks, we are unable to discover any ground upon which it could be reasonably held to be the property of the husband, in the absence of any claim or attempt to reduce it to his possession.    It was not bought by him, nor with his money, nor with money to which he had any present right, and he had not claimed it, nor interfered with it.

As there must be judgment on the verdict, we are requested to consider the question of costs, but we regard that point as definitely settled by the case of *Brown* v. *Smith*, 1 N. H. 36, where it was said, "In replevin the party instituting the suit, is not alone the actor, nor in the present case the sole prevailing party, the defendant is entitled to damages and costs on the issues found in his favor, as well as the plaintiff on the others."    Costs may be taxed, therefore, for both parties, and if a set-off is asked, execution will issue only for the balance.